IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRENDA MOODY, et al.,

    Plaintiffs,

      v.

INTOWN SUITES MANAGEMENT,
INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:04-CV-1198-TWT

## OPINION AND ORDER

This is an employment discrimination action.  It is before the Court on the

Report and Recommendation [Doc. 280] of the Magistrate Judge recommending

granting in part and denying in part the Defendants' Motions for Summary Judgment

[Docs. 223 & 225].  I agree with the Magistrate Judge's thorough analysis as to

whether individual plaintiffs may rely upon a "pattern and practice" of discrimination

in order to make out a claim of racial discrimination under § 1981 or Title VII.  The

Eleventh Circuit has clearly said that such claims are limited to actions by the EEOC

or class actions.  EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286 (11th Cir.

2000).  There are good reasons for restricting pattern and practice claims to such

cases.  In actions where the EEOC is seeking injunctive relief or where the claims are

sufficiently similar to warrant class certification, evidence of a pattern and practice of discrimination is an appropriate means of proving liability.  It is not in an individual case which requires intentional discrimination against the individual in connection with a discrete adverse employment action.  I also agree with the Magistrate Judge's conclusion that there was direct evidence supporting the claims of some of the Plaintiffs.  The Defendants argue that direct evidence of discrimination against blacks in hiring property managers is not direct evidence of discrimination in firing black property managers.  The facts in this case, however, are unique.  The Plaintiffs were originally employed by Suburban Lodges which the Defendant InTown Suites acquired in 2002.  The Plaintiffs were not individuals that InTown Suites had invested in by hiring and training.  The decision to retain them was comparable to the initial hiring decision.  Therefore, applying the standard in EEOC v. Alton Packaging Corp., 901 F.2d 920, 924 n.6 (11th Cir. 1990), there is no reason "to think those attitudes differ from hiring to [firing]."   As to the Defendant Vickers, there is sufficient evidence at this stage of the proceedings that she authorized, directed or participated in the firing by Mark or Fee of some of the Plaintiffs.  Therefore, her Motion for Summary Judgment should be denied as to those Plaintiffs.  The Magistrate Judge properly applied the correct standard of law to the Plaintiffs making constructive discharge claims.

I do disagree with the Magistrate Judge's application of equitable tolling to Plaintiff Makani's Title VII religious discrimination claim, but concur in the disposition of the claim.  I disagree with the Magistrate Judge's conclusion that the Plaintiffs' statistical evidence cannot in some cases be evidence of pretext.  I also decline to adopt the Magistrate Judge's Report and Recommendation with respect to the Defendant InTown Suites' claim that the property managers and assistant property managers fall within the administrative exception to the FLSA's overtime requirement.  This claim was not waived.  The Plaintiffs are subject to the administrative exemption if: (1) the Plaintiffs' primary duty consisted of office or non-manual work directly related to the management policies or general business operations of the Defendant InTown Suites; and (2) the Plaintiffs' work required the exercise of discretion and independent judgment.  29 C.F.R. §§ 541.214(a) and 541.200.  The Plaintiffs directed and oversaw the work of all staff members on the hotel property; trained and managed subordinate hotel staff; scheduled working shifts of hotel staff and security officers; managed overtime hours; hired hotel housekeepers and maintenance employees; disciplined subordinates, including authority to terminate employees; were responsible for the quality of hotel services; handled all cash transactions; were responsible for payroll and budgeting; and managed all guest conflicts and evictions for violations of hotel rules and policies.  These duties qualify

the Plaintiffs Thomason, Buchanan, Bentley, Clark, and Head for the administrative exemption.  See Reich v. Avoca Motel Corp., 82 F.3d 238, 241 (8th Cir. 1996).  The Defendants' Motion for Summary Judgment is GRANTED  as to their FLSA claims.

Otherwise, after careful consideration, the Court finds that the objections of the parties are without merit.  Except as set forth above, the Court approves and adopts the Report and Recommendation as the judgment of the Court.  The  Defendants' Motions for Summary Judgment [Docs. 223 & 225] are GRANTED in part and DENIED in part.

SO ORDERED, this 31 day of March, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge